UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| ANGELA GAYE SMITH, ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | |
| WINNEBAGO INDUSTRIES, INC., ET AL. | NO. 17-122-JJB-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 15, 2017.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ANGELA GAYE SMITH, ET AL.**　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

　　　　　　　　　　　　　　　　　　　　　　　　　　**NO. 17-122-JJB-RLB**

**WINNEBAGO INDUSTRIES, INC., ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Defendants' Motion to Dismiss for Lack of Personal Jurisdiction under FRCP 12(B)(2); Motion to Dismiss for Improper Venue under FRCP 12(B)(3); and Motion to Stay Suit Pending Arbitration (R. Doc. 9) filed on April 20, 2017. Local Rule 7(f) requires any opposition to a motion to be filed within twenty-one days after service of the motion. Plaintiffs have not filed a response as of the date of this Report and Recommendation. Accordingly, the Motion is deemed unopposed.

**I.　Background**

On March 2, 2017, Angela Gaye Smith and Shirley Ellen Morrow ("Plaintiffs") commenced this action against Winnebago Industries, Inc. ("Winnebago"), McClain's RV Superstore North Dallas, Inc. ("McClain's RV"); and Bank of America, N.A. ("Bank of America") (collectively, "Defendants"). (R. Doc. 1, "Complaint"). In short, Plaintiffs seek to rescind the sale and purchase of a 2015 Winnebago Destination 36RL purchased on January 11, 2016 for the price of $94,498.49, excluding finance charges, in light of certain alleged defects in materials and workmanship. Plaintiffs seek recovery under Louisiana, Texas, and federal law.

Plaintiffs allege that this Court has diversity jurisdiction over the action pursuant to 28 U.S.C. §1332(a)(1). (Complaint, ¶ 5). Plaintiffs assert that they are citizens of Louisana;

1

Winnebago is a citizen of Iowa; McClain's RV is a citizen of Texas; and Bank of America is a citizen of North Carolina. (Complaint, ¶¶ 1-4).

Plaintiffs further allege that "[v]enue is proper in this district under 28 U.S.C. §1391(a)(3)" because Winnebago and Bank of America "are subject to personal jurisdiction in this district and there is no other district where the suit may be brought." (Complaint, ¶ 5).

On April 20, 2017, Defendants filed the instant motion. (R. Doc. 9). First, Defendants argue that the claims against McClain's RV should be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. (R. Doc. 9-1 at 1-5). Second, Defendants argue that the entire action should be dismissed for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. (R. Doc. 9-1 at 5-6). Finally, Defendants argue that the Court should alternatively stay the instant action pending arbitration enforceable pursuant to the terms of an Arbitration Agreement. (R. Doc. 9-1 at 6).

Less than one hour after Defendants filed their motion, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice, dismissing McClain's RV and Bank of America from the lawsuit without prejudice. (R. Doc. 10). Accordingly, the issue of whether the McClain's RV should be dismissed for lack of personal jurisdiction is moot, and the sole remaining defendant is Winnebago.

## II. Law and Analysis

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to move to dismiss a case for improper venue. The plaintiffs bear the burden of establishing proper venue. *Perez v. Pan Am. Life Ins. Co.*, 70 F.3d 1268 (5th Cir. 1995); *see also Summers v. Kenton, OH Policea*, No. 11-3162, 2012 WL 1565363, at *4 (E.D. La. May 2, 2012) (stating that plaintiff bears the burden to establish venue when challenged pursuant to Rule 12(b)(3), but noting inconsistent application

2

of this standard by district courts within the Fifth Circuit).  When ruling on a Rule 12(b)(3) motion, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 Fed. App'x 612, 615 (5th Cir. 2007).  The Court may, however, look beyond the pleadings to determine whether venue is proper. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).  If the Court determines that venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(A).

Venue is governed by 28 U.S.C. § 1391, which provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action otherwise may be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In support of dismissal for improper venue, Winnebego argues that "the services by McClain's RV were rendered in Texas after the sale." (R. Doc. 9-1 at 5). While the Complaint does not reference where the sale occurred, an affidavit submitted by a manager at McClain's RV (R. Doc. 9-2 at 1-2), as well as a copy of the purchase agreement submitted by Defendants (R. Doc. 9-2 at 3-10), indicate that the sale occurred at McClain's RV's facility located at 5601 S. I-35E, Cornith, Texas, 76210, which is in Denton County, Texas.[1] (R. Doc. 9-2 at 2).

---

[1] The Complaint does identify this same address as the principal place of business of McClain's. (R. Doc. 1 at 1-2).

In addition, Winnebego asserts that "[t]he Plaintiffs are unable to establish any claims" against it "for actions or activities which occurred in Louisiana" because "[a]ll actions and/or activities of Defendants at issue occurred in Texas." (R. Doc. 9-1 at 5). Furthermore, Winnebego asserts that "[t]he witnesses are in Denton County, Texas or Shreveport, Louisiana." (R. Doc. 9-1 at 5). It is unclear whether the foregoing reference to Shreveport, Louisiana is meant to reference the residence or domicile of Defendants' employees or of the Plaintiffs. The Complaint does not reference where in Louisiana the Plaintiffs are domiciled or otherwise reside. According to the purchase agreement, however, Plaintiffs are domiciled or reside in West Monroe, Louisiana, 71291, which is located in Quachita Parish, Louisiana. (R. Doc. 9-2 at 4). The Civil Cover Sheet also indicates that Ms. Smith resides in Quachita Parish, Louisiana. (R. Doc. 1-1 at 1).

Taking all of Plaintiff's allegations in the Complaint as true, and resolving all disputes in Plaintiff's favor, the Court must nevertheless conclude that the filing of this action in this district was improper and dismissal pursuant to Rule 12(b)(3) is warranted. Plaintiff does not allege, nor does anything in the record indicate, that **any** events or omissions giving rise to the claim occurred in the Middle District of Louisiana, or that the property at issue is situated in the Middle District of Louisiana. On the contrary, the record indicates that the sale occurred in Denton County, Texas.[2] Furthermore, to the extent any issues with regard to the property arose after the sale, the record indicates that Plaintiffs, while citizens of Louisiana, are domiciled or reside in Quachita Parish, Louisiana.[3] Based on the foregoing, and in the absence of any opposition, Winnebego has established that this district is an improper venue for this action.

---

[2] Denton County is part of the U.S. District Court for the Eastern District of Texas.
[3] Quachita Parish is part of the U.S. District Court for the Western District of Louisiana.

Having found venue to be improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Plaintiffs, who are represented by counsel, have made no effort to argue that transfer of this action is appropriate.  Moreover, Plaintiffs have made no argument that the Arbitration Agreement signed by Plaintiffs is unenforceable or inapplicable given the allegations in this Complaint.[4]  Accordingly, the Court finds no basis for transferring this action in lieu of dismissal.

**III.    Conclusion**

For the foregoing reasons, dismissal of this action without prejudice for improper venue is appropriate pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

**IT IS RECOMMENDED** that the Motion (R. Doc. 9) be **GRANTED** to the extent it seeks dismissal of this action for improper venue.

**IT IS FURTHER RECOMMENDED** that the above-captioned matter be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

Signed in Baton Rouge, Louisiana, on May 15, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] In pertinent part, the Arbitration Agreement provides that binding arbitration is required for "any and all disputes, claims or controversy between the parties or relating to the Vehicle or arising out of or relating to: (a) the application for and the terms of and enforceability of the sale, lease, or financing of the Vehicle, (b) the purchase of terms of any warranty, service agreement, maintenance plan . . ., (c) any claims of breach of contract, negligence, misrepresentation, conversion . . ., or (e) the Vehicle's condition, warranty, workmanship, servicing, maintenance or repair." (R. Doc. 9-2 at 10).